Labauve, J.
On the 8th October, 1860, E. E. Eitzgerald executed his note for $500, in favor of J. B. West, and to secure the payment thereof, contracted a special mortgage in favor of said payee of said note, upon a certain lot of ground described in the record. On the 6th of October, 1865, the said John B. West obtained an order of seizure and sale against said lot. The plaintiff, alleging that he had a privilege of the builder on a house erected upon said lot by one Meloin, for $516 85, with eight per cent, per annum interest, from the 4th of August, 1861, obtained an injunction upon West and the sheriff, ordering the sheriff to retain in his hands, subject to the further order of the Court, the proceeds of sale of the building.
This alleged privilege of the plaintiff and opponent is based upon tho following note:
“ Natchitoches, February 4th, 1861.
“ Six months after date I promise to pay to the order of W. C. Meloin, for building house, the sum of five hundred and sixteen dollars and eighty-five cents, with eight per cent, interest per annum from maturity; value received.
(Signed) E. E. Eitzgerald.”
*447 The plaintiff, having become the holder and owner of said note, on tho 11th June, 1862, presented to the District Judge, at Chambers a petition praying for a judgment against the maker of said note, with the privilege of builder, and that said house be seized and sold to pay^the judgment. The defendant in that suit accepted service of the petition, and confessed judgment as prayed for, and both parties agreed that the Judge - should try the case, and render judgment in Chambers; the judgment was accordingly rendered on the 11th June, 1862, decreeing the then defendant to pay said sum, and allowing the privilege on the house.
We consider that there is but one question submitted to our decision, and it is one purely of law ; it is whether the plaintiff, has a privilege preferable to the mortgage of J. R. West. The undertaker has a privilege on the building which he may have constructed. C. C. Art. 2743. But if the amount be above $500, the agreement must be in writing, and registered, to preserve the privilege. O. C. Art. 2746. 4 A. 121. 5 A. 333.
In this case there was no agreement in writing registered. The judgment rendered in favor of T. Lacoste, and allowing and recognizing his privilege, is res inter alios acta, and not binding on West. 12 An. 521. We deem it unnecessary to pass on any other question; the alleged privilege of the plaintiff cannot prevail. , •
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled and avoided, and that tho:provisional injunction be dissolved and the suit dismissed, and that plaintiff and appellee pay cost in both courts.